DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| STEPHEN GARVEY, )<br>)<br>Petitioner, )<br>) <br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | Criminal Action No. 2010-0009 |

**Appearances:**
**Stephen Garvey,** *Pro Se*
St. Croix, U.S.V.I.

**Alphonso G. Andrews, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Magistrate Judge George W. Cannon, Jr.'s Report and Recommendation ("R&R") (Dkt. No. 524) recommending that Petitioner Stephen Garvey's ("Petitioner") "Motion for Reconsideration and/or Clarification of Order on Motion for Sentence Reduction" ("Motion") (Dkt. No. 508) be denied as moot. Also before the Court is Petitioner's "Motion to Set Status Conference Regarding Motion for Reconsideration" ("Motion to Set Conference") (Dkt. No. 516). For the reasons discussed below, the Court will accept the Magistrate Judge's ultimate recommendation that Petitioner's Motion should be denied, but modify the reasoning therefor as set forth herein. The Court will also deny Petitioner's Motion to Set Conference.

**I.     BACKGROUND**

The charges in this case stem from a conspiracy to possess with intent to distribute a controlled substance that occurred from at least 2008 until in or about November 2009, within the District of the Virgin Islands. (Dkt. No. 219). The Government filed an eight-count Second Superseding Indictment[1] against Petitioner on October 21, 2010 charging him with violations of federal drug laws. *Id.*[2] The jury returned a verdict against Petitioner on January 24, 2011, finding him guilty of Counts 1 and 4 of the Second Superseding Indictment—Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), and Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and (D). (Dkt. No. 318).

Count 1—Conspiracy to Possess with Intent to Distribute a Controlled Substance—carried a mandatory minimum sentence of 5 years, or 60 months, pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(B). (Hr'g Tr. 97). Petitioner's adjusted offense level was 28, with a criminal history category of I, resulting in a Guideline range of 78 to 97 months. *Id*. The Court, per the Honorable Raymond L. Finch, reduced Petitioner's Guideline offense level from 28 to 23—which had a Guideline range of 46 to 57 months—pursuant to the 18 U.S.C. § 3553(a) factors. *Id*. Petitioner was then sentenced by Judge Finch to 46 months imprisonment on Count 1; 46 months

---

[1] Prior to filing the Second Superseding Indictment, the Government commenced this action by filing an Indictment on March 16, 2010. (Dkt. No. 1). The Government also filed a Superseding Indictment on August 19, 2010. (Dkt. No. 138).

[2] Specifically, Petitioner was charged with four counts of the eight-count Second Superseding Indictment: Conspiracy to Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and two counts of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D).

imprisonment on Count 4 to run concurrently with the sentenced imposed on Count 1; four years of supervised release; and a $200 mandatory assessment. (Dkt. No. 481); (Hr'g Tr. 97).

Petitioner subsequently filed a "Motion for Reduction in Sentencing Pursuant to 18 U.S.C. § 3582(c)(2)" ("Motion for Reduction"). (Dkt. No. 502). In his Motion for Reduction, Petitioner claimed that he was entitled to a 2-level reduction in his Guideline offense level because in 2014, the United States Sentencing Commission adopted Amendment 782, which reduced certain Guideline offense levels for drug crimes. *Id*. at 1. He argued that because of Amendment 782, his sentencing Guideline offense level should be 21 instead of 23 and he therefore should be sentenced to the low end of the Guideline offense level of 21, which was 37 months imprisonment at the time he was sentenced, instead of the low end of the Guideline offense level of 23, which was 46 months imprisonment at the time he was sentenced. *Id*. at 2.

The Government opposed the Motion for Reduction, arguing that Petitioner was not eligible for a sentence reduction pursuant to Amendment 782. (Dkt. No. 502). The Government maintained that a sentence reduction was not available in circumstances—as here—where the reduction would be below the statutory mandatory minimum term of imprisonment. *Id*. at 2 (citing U.S.S.G. § 1B1.10 app. note 1(A) and cases). The Government further pointed out that Petitioner's mandatory minimum sentence was 60 months, and that while the Court did not apply the safety valve provision, it did vary from the mandatory minimum and sentence Petitioner to 46 months imprisonment. *Id*. The presiding Judge, the Honorable Raymond L. Finch, agreed with the Government and denied Petitioner's Motion for Reduction. (Dkt. No. 506) (stating that "[t]he Court already varied below the mandatory minimum and sentenced Petitioner to 46 months imprisonment.").

Petitioner then filed the instant Motion, asking the Court to either reconsider or clarify its Order denying his Motion for Reduction. (Dkt. No. 508). The Government opposes the Motion, again arguing that Petitioner is not entitled to relief. (Dkt. No. 511).

Following his review of Petitioner's Motion, the Magistrate Judge recommended that Petitioner's Motion be denied as moot because Petitioner had been released from prison on August 11, 2017. (Dkt. No. 524). A copy of the Magistrate Judge's R&R was mailed to Petitioner via certified mail, return receipt requested, and a return receipt was filed indicating that the R&R was delivered to Petitioner on June 7, 2018. (Dkt. Nos. 525, 526). No objections to the Magistrate Judge's R&R have been filed, and the deadline to file any objections has passed.[3] Petitioner is currently on supervised release, with an anticipated termination date of August 10, 2021.

## II. STANDARD OF REVIEW

Where a party fails to file a timely objection to a magistrate judge's R&R, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)); *see also* 28 U.S.C. § 636(b)(1)(C) (providing that a district court judge shall "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*") (emphasis added). The Third Circuit has determined, however, that as a matter of good practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R to which no objection has been filed. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).

---

[3] Objections were due to be filed within 14 days of Petitioner's receipt of the R&R, and therefore by June 21, 2018. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).

4

The Third Circuit has further concluded that "plain error review is appropriate where a party fails to timely object to a magistrate judge's R&R." *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), as amended (June 12, 2007); *see also Pellot v. Marsh*, 2020 WL 470301, at *1 n. 1 (E.D. Pa. Jan. 28, 2020) (citing *Leyva v. Williams*, 504 F.3d 357, 363 (3d Cir. 2007)). Under this plain error standard of review, an R&R should be rejected only if the magistrate judge commits an error that was "(1) clear or obvious, (2) affect[ed] 'substantial rights,' and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." *Leyva*, 504 F.3d at 363 (internal quotations and citations omitted).

### III. APPLICABLE LEGAL PRINCIPLES

#### A. Mootness

The Third Circuit has found that a motion is not moot if a petitioner has been released from detention and is on supervised release. *United States v. Wright*, 642 F.3d 148, 155 n.7 (3d Cir. 2011). Under those circumstances, the Third Circuit has stated that the district court could credit the petitioner with the time served in prison exceeding a lawful sentence and reduce the length of the petitioner's supervised release by that amount. *United States v. Cottman*, 142 F.3d 160, 165 (3d Cir. 1998) (holding that a sentencing appeal was not mooted by the petitioner's release because if "the appropriate sentencing range [was] reduced . . . [it] would likely merit a credit against [the petitioner's] period of supervised release for the excess period of imprisonment").

#### B. Amendment 782

The United States Sentencing Commission adopted Amendment 782 in July 2014 and it went into effect in November 2014. 79 Fed. Reg. 44973-01. The Amendment "reduces by two levels the offense levels assigned to the [drug] quantities that trigger the statutory mandatory minimum penalties . . . ." *Id*. at 25996-02. "Amendment 782 is retroactive, subject to the limitations

of Section 1B1.10, the policy statement on retroactive Guideline amendments." *United States v. Forbes*, 664 F. App'x 184, 186 (3d Cir. 2016).

When a sentence reduction pursuant to Amendment 782 applies, "the sentence may be imposed . . . within the applicable Guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence." U.S.S.G. § 1B1.10 app. note 1(A); U.S.S.G. § 5G1.1(c)(2); *see also United States v. Michael*, 767 F. App'x 328, 331 (3d Cir. 2019). Further, pursuant to Section 1B1.10, when a petitioner has been sentenced to a term that is less than the minimum of what his Guideline range would have been had Amendment 782 been in effect at the time he was sentenced, that petitioner is entitled to a sentence reduction only if the less than minimum Guideline range sentence resulted from a downward departure based on substantial assistance. U.S.S.G. § 1B1.10(b)(2)(A).

## IV. DISCUSSION

In his R&R, the Magistrate Judge concluded that Petitioner's Motion was moot because Petitioner had completed his term of imprisonment. This is incorrect as a matter of law. In circumstances of this nature—where Petitioner is serving a term of supervised release—the Court can credit Petitioner with any time served in prison exceeding a lawful sentence and reduce the length of his supervised release by that amount. *Wright*, 642 F.3d at 155 n.7; *Cottman*, 142 F.3d at 165. Because the Court may reduce the duration of Petitioner's supervised release if he prevails, this case is not moot. Nonetheless, Petitioner's Motion fails on the merits.

As a preliminary matter, it appears that there was a discrepancy in Petitioner's sentencing that inured to his benefit. According to the sentencing colloquy, the Court found that "the statutory provisions with regard to sentencing [are] applicable, five years as a minimum." (Hr'g Tr. 74). The Court subsequently reduced Petitioner's Guideline offense level from 28 to 23 pursuant to the 18 U.S.C. § 3553(a) factors and sentenced Petitioner to 46 months imprisonment on Counts 1 and 4

to run concurrently with each other, which is below the statutory mandatory minimum of 60 months imprisonment on Count 1. *Id*. at 97 ("I find that the statutory guideline applies to five years . . . But I will vary that. I will go below that."). However, as a general rule, a court cannot vary below the statutory mandatory minimum sentence pursuant to the 18 U.S.C. § 3553(a) factors. *United States v. Kellum*, 356 F.3d 285, 289-90 (3d Cir. 2004) (stating that it is "clear that § 3553(a) did not give the district court the authority to sentence [petitioners] below the statutorily mandated minimum sentence . . . ."); *see also United States v. Reevey*, 631 F.3d 110, 113 (3d Cir. 2010).

An exception to this general rule exists—such that Petitioner could have been sentenced below the mandatory minimum term of imprisonment—if the safety valve applied. *Gonzales*, 513 F. App'x at 143 (stating that a district court has no authority to sentence a petitioner below the statutory mandatory minimum term of imprisonment absent safety valve eligibility). However, according to the sentencing colloquy, the Court found "that there was sufficient involvement by [Petitioner] to add two points as a leader in this criminal activity." (Hr'g Tr. 73). In order to qualify for the safety valve provision, Petitioner could not have been a leader in criminal activity. 18 U.S.C. § 3553(f)(4). Consistent therewith, the Court concluded that the mandatory minimum sentence applied. (H'rg Tr. 73-74, 97) (determining that the safety valve did not apply in part because Petitioner was a leader in criminal activity, and the statutory mandatory minimum therefore applied). Thus, it appears that Petitioner benefited from a reduction of his sentence below the 5-year mandatory minimum notwithstanding the inapplicability of the safety valve.

Regardless of the apparent sentencing error, Petitioner is ineligible for a sentence reduction pursuant to Amendment 782. In determining whether, and to what extent, a reduction in a petitioner's term of imprisonment under 18 U.S.C. § 3582(c)(2) is warranted, courts are instructed to determine the amended Guideline range that would have been applicable to the petitioner if

Amendment 782 had been in effect at the time the petitioner was sentenced. U.S.S.G. § 1B1.10(b)(1). Section 1B1.10 of the Sentencing Guidelines prohibits courts from reducing a "petitioner's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of [this] amended Guideline range." U.S.S.G. § 1B1.10(b)(2)(A); *see also United States v. Berberena*, 694 F.3d 514, 518 (3d Cir. 2012). Further, when a petitioner was sentenced to a term that is less than the minimum of the amended Guideline range, that petitioner is entitled to a reduction in his term of imprisonment only if the sentence below the amended Guideline range resulted from a downward departure based on substantial assistance. U.S.S.G. §§ 1B1.10(b)(2)(A)-(B).

Here, Petitioner's Guideline offense level was 28. Therefore, if Amendment 782 had been in effect at the time he was sentenced, his Guideline offense level would have been 26. At the time of his sentencing, the Guideline range for a petitioner with a Guideline offense level of 26 and criminal history category of I was 63 to 78 months. Additionally, because the safety valve did not apply, the mandatory minimum on Count 1 was 60 months. However, the Court ultimately sentenced Petitioner to 46 months imprisonment, which is below what the amended Guideline range would have been, and also below the mandatory minimum. The Court reached this sentence after reducing Petitioner's Guideline offense level from 28 to 23 pursuant to the 18 U.S.C. § 3553(a) factors—not substantial assistance.[4]

---

[4] The Court notes that when petitioners have been sentenced below the Guideline range that would have applied had Amendment 782 been in effect at the time of sentencing, they are entitled to a sentence reduction only if they received a downward departure based on substantial assistance—which was not the case here. *See* U.S.S.G. § 1B1.10(b)(2)(A).

Accordingly, because Petitioner was sentenced below what his Guideline range would have been had Amendment 782 been in effect at the time of his sentencing and below the statutory mandatory minimum term of imprisonment, he is not entitled to a reduction in his sentence.

## V.   CONCLUSION

For the reasons discussed above, the Court will accept the Magistrate Judge's ultimate recommendation to deny Petitioner's Motion for a Sentence Reduction (Dkt. No. 508), but will do so on the merits because, although the matter is not moot, Petitioner is not entitled to a sentence reduction pursuant to Amendment 782. Further, because the Court does not find that a status conference is necessary to resolve Petitioner's Motion, the Court will also deny his Motion to Set Conference. (Dkt. No. 516).

An appropriate Order accompanies this Memorandum Opinion.

Date:   June 1, 2020                      _____/s/_____
                                          WILMA A. LEWIS
                                          Chief Judge